IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ARMONI MASUD JOHNSON,** | : CIVIL ACTION NO. 1:18-CV-2359 |
| Petitioner | : |
| | : (Judge Conner) |
| v. | : |
| | : |
| **SUPERINTENDENT THOMAS MCGINLEY,** | : |
| | : |
| Respondent | : |

# MEMORANDUM

Petitioner Armoni Johnson ("Johnson"), an inmate housed at the State Correctional Institution, Coal Township, Pennsylvania, initiated this habeas action pursuant to 28 U.S.C. § 2254. (Doc. 1). By memorandum and order dated June 22, 2021, the court denied the habeas petition. (Docs. 40, 41). On June 2, 2022, the United States Court of Appeals for the Third Circuit denied Johnson's request for a certificate of appealability. (Doc. 56, Johnson v. Superintendent Coal Township SCI, *et al.*, No. 22-1317 (3d Cir.)). Presently before the court is Johnson's Rule 60(b) motion for relief from judgment. (Doc. 91). For the reasons set forth below, we will deny the motion.

**I.**     **Factual Background & Procedural History**

On December 12, 2018, Johnson filed a § 2254 habeas petition challenging his conviction and sentence entered in the Court of Common Pleas of Luzerne County, Pennsylvania, in case number CP-40-CR-0002713-2011. (Doc. 1). On June 22, 2021, we denied the habeas petition. (Docs. 40, 41). In our June 22, 2021, memorandum, we found that Johnson failed to present a standalone claim of prosecutorial

misconduct in his Post Conviction Relief Act ("PCRA") petition (ground one), and failed to raise, in state court filings, that he was unable to obtain notes or transcripts of hearings (ground two).  (See Doc. 40).  Because Johnson failed to raise either of these claims in state court prior to presenting them in federal court and failed to demonstrate cause and prejudice for his default or a fundamental miscarriage of justice, we denied habeas relief on grounds one and two.  (See id.)  We then addressed the merits of Johnson's exhausted ineffective assistance of trial counsel claims (ground three) and exhausted Brady[1] violation claim (ground four) and denied each claim.  (See id.)  Johnson filed an appeal to the Third Circuit.  (Doc. 53).

On June 2, 2022, the Third Circuit denied Johnson's request for a certificate of appealability and found that jurists of reason would not debate this court's conclusion that Johnson's claims were either meritless or not cognizable.  (Doc. 56, Johnson v. Superintendent Coal Township SCI, et al., No. 22-1317 (3d Cir.)).  Since then, Johnson has filed several unsuccessful motions for reconsideration and motions for relief from judgment.  (Docs. 46, 51, 58, 61, 63, 64, 66, 76, 79, 81, 85, 86, 90).  Most recently, Johnson appealed the court's June 23, 2023, order denying one of his motions for reconsideration.  (Docs. 86, 87).  Upon review, the Third Circuit denied Johnson's request for a certificate of appealability on October 11, 2023. (Doc. 89, Johnson v. Superintendent Coal Township SCI, et al., No. 23-2233 (3d Cir.)).

---

[1] Brady v. Maryland, 373 U.S. 83 (1963).

Undeterred, on April 2, 2024, Johnson filed the instant motion for relief from judgment pursuant to Rules 60(b)(3) and (b)(6) of the Federal Rules of Civil Procedure. (Doc. 91). Johnson contends that he is entitled to relief based on fraud on the court. (Id.) Specifically, Jonson asserts that the Commonwealth improperly argued that his standalone prosecutorial misconduct claim was different from his ineffective assistance of counsel claim, and that the Commonwealth withheld evidence—namely, the transcript from his December 1, 2017, PCRA hearing, which the Commonwealth subsequently provided to Johnson. (Doc. 92). The motion is ripe for disposition.

## II. Discussion

"Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." Gonzalez v. Crosby, 545 U.S. 524, 528 (2005). Rule 60(b) provides as follows:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is

3

>   based on an earlier judgment that has been reversed or vacated;
>   or applying it prospectively is no longer equitable; or
>
>   (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b).  Johnson seeks relief under subsections 60(b)(3) and 60(b)(6).

### A.     Rule 60(b)(3) Motion

Rule 60(b)(3) allows relief from a judgment for "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party."  FED. R. CIV. P. 60(b)(3).  "A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."  FED. R. CIV. P. 60(c)(1).  Johnson filed the instant motion on April 2, 2024, seeking relief from the court's June 22, 2021, order.  Johnson filed his motion more than one year after the court denied his habeas petition.  Thus, Johnson's motion seeking relief based on fraud on the court under Rule 60(b)(3) is untimely and will be denied.

### B.     Rule 60(b)(6) Motion

The Rule 60(b)(6) catchall provision allows relief for "any other reason that justifies relief."  FED. R. CIV. P. 60(b)(6).  Motions made under Rule 60(b)(6) "are not subject to the one-year time provision but must be made 'within a reasonable time.'"  Lloyd v. Presby's Inspired Life, 834 F. App'x 771, 773 (3d Cir. 2020) (not precedential) (quoting FED. R. CIV. P. 60(c)(1))[2].  However, a petitioner "may not

---

[2] The court acknowledges that nonprecedential decisions are not binding upon federal district courts.  Citations to nonprecedential decisions reflect that the court has carefully considered and is persuaded by the panel's *ratio decidendi*.

4

invoke Rule 60(b)(6) to evade application of the one-year time limitation prescribed for (b)(2) and (b)(3)." Id. "A party may use (b)(6) to avoid the time bar only when [they] show[ ] that 'the relief sought is based upon any other reason than a reason which would warrant relief under 60(b)[(2) and (3)],' and that extraordinary circumstances for disturbing the judgment exist." Id. (quoting Stradley v. Cortez, 518 F.2d 488, 493 (3d Cir. 1975) (internal quotation marks and citations omitted)).

Here, Johnson's motion "came up short in both respects." Id. First, Johnson's claims concerning the Commonwealth's factual misrepresentations to the court and withholding of evidence are most properly brought under Rule 60(b)(3), which "includes misrepresentations or misconduct by opposing parties or counsel in a case." Gagliardi v. Courter, 2011 WL 710221, at *2 (W.D. Pa. 2011) (citing FED. R. CIV. P. 60(b)(3)). Second, Johnson did not show "extraordinary circumstances" required to proceed under Rule 60(b)(6). Lloyd, 834 F. App'x at 773 (citing Cox v. Horn, 757 F.3d 113, 115 (3d Cir. 2014)) (quoting Sawka v. Healtheast, Inc., 989 F.2d 138, 140 (3d Cir. 1993)); see also Stridiron v. Stridiron, 698 F.2d 204, 206-07 (3d Cir. 1983) (finding "Rule 60(b)(3) provides for relief from a final judgment where there has been 'fraud…, misrepresentation, or other misconduct of an adverse party'" as well as "[f]ailure to disclose or produce evidence") (internal citations omitted). Instead, Johnson does nothing more that rehash arguments previously raised and rejected by the court. See Balter v. United States, 410 F. App'x 428, 430 (3d Cir. 2010) (finding district court did not abuse its discretion in denying relief under Rule 60(b)(6) where motion "simply rehashed arguments" made in previous motions).

5

Because Johnson has failed to satisfy his burden to proceed under Rule 60(b)(6), his motion will be denied.

**III.    Conclusion**

The court will deny Johnson's request for relief under Rule 60(b) of the Federal Rules of Civil Procedure.  (Doc. 91).  An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:        July 3, 2024